GARDEN, JUDGE:
As a result of the severe flooding in the Williamson area in April of 1977, the respondent purchased food and other commodities from the claimant for delivery by claimant to the flood-stricken residents. Claimant invoiced the respondent for a total of $20,610.22 for this merchandise, which sum was paid by respondent to the claimant.
Included in this merchandise were several thousand gallons of milk, which claimant purchased from Broughton’s Farm Dairy, and 5,000 loaves of bread, purchased by claimant from the Purity Baking Company. The milk was delivered by claimant in 900 large durable plastic cases owned by Broughton, and the bread, in 468 similar cases owned by Purity. It was understood between claimant and respondent that, after delivery of the milk and bread, the cases would be collected at a central point by respondent and would thereafter be picked up by claimant. For reasons not fully disclosed by the record, the claimant recovered only 69 of the milk cases and 128 of the bread cases. As a result, Broughton invoiced *88 claimant for the remaining 340 cases at a cost of $3.20 per case, or a total of $1,088.00, and Purity invoiced claimant for the remaining 831 bread cases at a cost of $2.50 per case, or a total of $2,077.50.
Claimant, in turn, requested payment of these sums by respondent, which request was refused. Respondent took the position that the original invoices did not include or indicate the delivery of milk or bread cases, and that purchasing regulations prevented them from paying for any item where proof of delivery was not furnished. Claimant therafter filed its claim in this Court.
The Court is of the opinion that the record clearly establishes the delivery and non-return of the milk and bread cases in accordance with the agreement between the claimant and respondent. Claimant is therefore entitled to an award in the total amount of $3,165.50 so that it might make proper restitution to Broughton and Purity.
Award of $3,165.50.